UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA WRIGHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV1843 CDP |
| | ) | |
| DAIMLERCHRYSLER CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Plaintiffs are female employees of defendant DaimlerChrysler Corp., who claim that DaimlerChrysler's failure to cover prescription contraceptives under their otherwise comprehensive employee health plan is sex discrimination. This case was consolidated with Diana Cooley, et al. v. DaimlerChrysler Corp., 4:02CV780 ERW, after Judge Webber had denied class certification and ruled on various other motions in that case. The Wright plaintiffs have filed a third amended complaint and the Cooley plaintiffs have filed a second amended complaint in the consolidated case. Except for the class allegations contained in the Cooley suit, the complaints are substantially the same. In Count I plaintiffs allege disparate treatment sex discrimination in violation of Title VII. In Count II they allege disparate treatment sex discrimination in violation of "Title VII as amended by the Pregnancy Discrimination Act." In Count III they allege disparate impact sex discrimination in

violation of Title VII.  Defendant DaimlerChrysler has moved to strike the <u>Cooley</u> complaint because it contains class allegations even though Judge Webber previously denied class certification.  Defendant seeks to dismiss the <u>Wright</u> complaint because of statements made in the EEOC proceedings, which defendant argues are admissions barring the suit.  It also seeks to dismiss Count II of that complaint because contraception is not covered by the Pregnancy Discrimination Act.

I agree with defendants that the facts of these cases do not give rise to a separate claim under the Pregnancy Discrimination Act, although the plaintiffs' Counts I and II are appropriately brought under Title VII.  I disagree that the claims are precluded by the plaintiffs' statements to the EEOC.  I will strike the class allegations of the <u>Cooley</u> complaint, as Judge Webber previously denied class certification.  These cases will proceed as Title VII disparate treatment and disparate impact cases on behalf of the individual plaintiffs.

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiffs.  Fed. R. Civ. P. 12(b)(6); <u>Kohl v. Casson</u>, 5 F.3d 1141, 1148 (8th Cir. 1993).  A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that plaintiffs can prove no set of

facts in support of the claim that would entitle them to relief. <u>Davis v. Hall</u>, 992 F.2d 151, 152 (8th Cir. 1993).

**1.   EEOC Statement**

DaimlerChrysler argues that the third amended <u>Wright</u> complaint should be dismissed because plaintiffs' admissions in their EEOC Charges of Discrimination prove that all employees were treated equally. Judge Webber previously rejected this argument in the <u>Cooley</u> case before the consolidation, and I will likewise reject it.

Plaintiff Wanda Wright's Charge of Discrimination is representative of the charges of all plaintiffs, and reads in pertinent part as follows:

> I was discriminated against on the basis of my sex (female) in that my employer, the Daimler Chrysler Corporation, does not cover oral contraceptives or other birth control devices as part of its health care insurance plan, although it covers other prescription drug medication. I believe this conduct violates my rights under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978. The exclusion of contraceptives from my employer's health benefits has caused me damage. <u>In addition, all other employees of Daimler Chrysler have been similarly discriminated against on the same basis. My employer denies all its employees the benefit of having birth control devises and contraceptive medication as part of its health care benefits. The conduct violates the rights of all employees of Daimler Chrysler to be free from discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978. All employees of Daimler Chrysler have been damaged by this conduct.</u>

See Ex. 1 attached to Docket No. 8 (<u>Wright</u> plaintiffs' first amended complaint)

(emphasis added).  Defendants argue that all claims should be dismissed because of the statement that all employees are treated equally.  I disagree.

I agree with Judge Webber that the admissions cited by DaimlerChrysler do not affect plaintiffs' ability to bring their Title VII claims.  As Judge Webber noted, in the charges "all the plaintiffs admitted when they said 'all employees have been similarly discriminated against,' and 'this conduct violates the rights of all employees,' was that the Plan denied both males and females this coverage."  July 25, 2003 Memorandum and Order in Cooley.  I conclude, however, as he did, that the language does not mean that plaintiffs relinquished their right to claim that the Plan, while facially neutral, had an adverse disparate impact on female employees.  Nor did plaintiffs relinquish their argument that the Plan was intentionally enacted to provide male employees with a more comprehensive health benefits plan than female employees, who are denied prescription medication for a host of exclusively female conditions.

**2.     Pregnancy Discrimination Act**

Both sets of plaintiffs allege that defendant's failure to cover prescription contraceptives violates "Title VII as Amended by the Pregnancy Discrimination Act."  This is alleged as a count separate from their other Title VII counts.  I conclude that the law of the Eighth Circuit and the text of the PDA bar plaintiffs'

claims.  Under Title VII, as amended by the PDA, "pregnancy, childbirth, or related medical conditions" must be recognized as sex-based characteristics of women, and pregnancy discrimination is sex discrimination.  42 U.S.C. § 2000e(k).  The Supreme Court made this explicit in Newport News Shipbuilding and Dry Dock Co. v. EEOC, 462 U.S. 669 (1983), noting that the PDA "has now made it clear that, for all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of sex."  Id. at 684.

In Krauel v. Iowa Methodist Medical Center, 95 F.3d 674 (8th Cir. 1996), the Eighth Circuit addressed the issue of whether an employer's failure to cover infertility treatments violated the PDA.  The plaintiff argued that a medical condition that made her infertile was related to pregnancy because there is a causal connection between the condition and pregnancy.  The court first looked at the text of the statute, which amended Title VII's ban on discrimination "on the basis of sex" to include discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions."  Id. (quoting 42 U.S.C. § 2000e(k)).  The Krauel court noted that the "plain language of the PDA does not suggest that 'related medical condition' should be extended to apply outside the context of 'pregnancy' and 'childbirth.'"  Id.; cf. Piantanida v. Wyman Ctr., Inc., 116 F.3d 340, 342 (8th Cir. 1997) (PDA claim brought by new mother not cognizable because it was not "based

on the gender specific biological functions of pregnancy"). Ultimately, the court concluded that "[p]regnancy and childbirth, which occur after conception, are strikingly different from infertility, which prevents conception." Krauel, 95 F.3d at 679. Thus, infertility treatments were held to be outside of the PDA's protection.

Plaintiffs attempt to overcome the result of Krauel by arguing that the contraceptive exclusion discriminates on the basis of the "potential for pregnancy." They argue that the Supreme Court case of UAW v. Johnson Controls, Inc., 499 U.S. 187 (1991), governs the outcome of this case. In the Johnson Controls case, at issue was a company's fetal protection policy that barred fertile women from working in certain battery-manufacturing jobs and areas that posed a high risk of lead exposure. One of the plaintiffs even chose to be sterilized in order to continue working. The Court noted that, by enacting the PDA, "Congress made clear that the decision to become pregnant or to work while being either pregnant or capable of becoming pregnant was reserved for each individual woman to make for herself." Id. at 206. Ultimately, the Court held that "Title VII and the PDA simply do not allow a woman's dismissal because of her failure to submit to sterilization." Id. at 207.

The Krauel court discussed the Johnson Controls case, opining that "[p]otential pregnancy, unlike infertility, is a medical condition that is sex-related

because only women can become pregnant." Krauel, 95 F.3d at 680. Plaintiffs claim that this language authorizes their claims under the PDA because, with contraceptives, women are able to control their "potential for pregnancy." Failure to provide contraceptives, they argue, discriminates against these women on this basis. I disagree.

Krauel presented a stronger argument for PDA coverage than plaintiffs do in this case. Plaintiffs here are concerned about the availability of contraceptives to prevent conception (among other uses), rather than the Krauel plaintiff's quest to conceive. If infertility treatments that would perhaps lead to pregnancy are not covered under the PDA, then under the law of this Circuit plaintiffs cannot recover under the PDA for DaimlerChrysler's failure to cover prescription contraceptives. To do so would distort the teachings of the Krauel case and the terms "pregnancy, childbirth, and related medical condition."

This does not mean, of course, that plaintiffs cannot state a claim for sex discrimination under Title VII. As in Johnson Controls, the PDA simply "bolsters" the conclusion that the allegations here state a claim for sex discrimination. It does not, however, provide an additional cause of action.

I recognize that Judge Webber reached a different conclusion on this issue in the Cooley case, again before the cases were consolidated. The complaint he was

dealing with, however, combined in one count the disparate treatment Title VII claims and the Pregnancy Discrimination Act claims. Reading Judge Webber's opinion in its entirety suggests that he may have denied the motion to dismiss because he believed, as I do, that plaintiffs had stated a claim for intentional sex discrimination, and because there was only one Count making this allegation. In any event, Judge Webber's decision in Cooley was interlocutory, and I will not continue to follow it, because I believe it failed to consider all implications of Krauel. I will grant DaimlerChrysler's motion to dismiss the Wright plaintiffs' Count II claims under the PDA. Additionally, I will dismiss the Cooley plaintiff's Count II as well, as this reasoning applies equally there, and the parties have had ample opportunity to brief the issue.

### 3.     Cooley Class Allegations

Judge Webber held a two-day hearing on the issue of class certification, which was subject to extensive pre- and post-hearing briefing, and he denied the motion for class certification. He also stated that he was striking the class allegations of the complaint. For this reason, defendant has moved to strike the entire Cooley second amended complaint, and they have argued that it was improper for the plaintiffs to reraise the rejected class allegations. Plaintiffs characterize Judge Webber's actions striking the class allegations from the complaint as

unnecessary "mere surplusage."

The Cooley plaintiffs have a right to bring their individual claims, but the case will not be considered as a class action. Although a class certification ruling is interlocutory, I will not revisit the issue. I agree with Judge Webber's conclusion that these claims are of a "highly individualized nature," with individual coverage issues under a variety of health plans and a potentially substantial variance in statute of limitations issues. He reached this decision following extensive briefing and hearing, and from my independent review of the materials presented to him, I am convinced that he did so correctly.

Fed. R. Civ. P. 23(d)(4) authorizes the court to enter an order requiring plaintiffs to amend the pleadings to eliminate allegations as to representation of absent persons. The Advisory Committee Note regarding Rule 23(d)(4) notes that "a negative determination [of class certification] means the action should be stripped of its character as a class action." Rule 23(d)(5) allows the court to enter orders as may be appropriate dealing with "similar procedural matters." Fed. R. Civ. P. 23(d)(5). See also 7B Wright & Miller, Federal Practice and Procedure § 1795-96(discussing Rules 23(d)(4) and (d)(5)); White v. State Farm Mut. Auto. Ins. Co., 153 F.R.D. 639, 642 (D. Neb. Sept. 24, 1993) (noting that it would be "obvious that an order eliminating class allegations would be 'appropriate' following the denial of

a motion for class certification"). An order striking the class allegations after a denial of class certification carries the same effect as an order under Rule 23(d)(4). I will simply order the class action allegations stricken as surplussage, and will otherwise deny the motion to strike.

**4.      Scheduling Issues**

Now that the issues in DaimlerChrysler's motions are settled, this case must proceed on plaintiffs' individual claims. I will order defendant to answer both complaints within the time limit set by the Federal Rules of Civil Procedure. I will not consider any further motions to dismiss.

I will hold a telephone scheduling conference with all counsel on **Friday, February 11, 2005 at 9:30 a.m.** Plaintiffs' counsel shall be responsible for initiating the telephone conference and having all necessary counsel on the line. The parties shall meet and confer and attempt to reach a joint plan for the remaining discovery and other matters to be undertaken in this case. No later than **Friday, February 4, 2005** the parties shall provide a Joint Proposed Scheduling Plan setting out all further actions that must occur and a proposed resolution for the same, setting out any disagreements the parties may have regarding scheduling, and stating any other matters that either party thinks should be discussed in the telephone conference.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's original motion to dismiss [#18] filed before the Wright complaint was amended is denied as moot;

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#34] is granted as to Count II of both complaints, and denied as to Counts I and III of both complaints;

**IT IS FURTHER ORDERED** that defendant's motion to strike [#36] is granted as to the class allegations of the Cooley second amended complaint and is denied in all other respects;

**IT IS FURTHER ORDERED** that plaintiffs' counsel shall initiate the telephone scheduling conference to be held on **Friday, February 11, 2005 at 9:30 a.m.** The parties shall provide their Joint Proposed Scheduling Plan no later than **Friday, February 4, 2005.**

                                                                CATHERINE D. PERRY
                                                                UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2005.